IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS J. YOUNG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 11–cv–0709–MJR–SCW |
| | ) |
| **KELLY J. EPPLIN,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM & ORDER

**WILLIAMS, Magistrate Judge:**

This § 1983 civil rights case stems from *pro se* Plaintiff Thomas Young's allegations that Kelly Epplin, a court reporter who transcribed Young's criminal trial in Illinois state court, violated Young's due process rights by filing an inaccurate, incomplete transcript and refusing to release electronic records of the trial. The plaintiff filed suit in August 2011. On October 19, 2012, Defendant filed a motion to dismiss on the theory that Young's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), or alternatively by the statute of limitations. Plaintiff never responded to the motion to dismiss, which was due in late November 2012.

The Court set the case for a telephonic status conference on January 28, 2013, and at the same time notified Mr. Young that his attendance was mandatory.[1] (Doc. 23). Mr. Young was further warned that failure to appear would result in dismissal pursuant to Federal Rule of Civil Procedure 41(b). (*Id.*). A writ was sent to Pinckneyville Correctional Center, where Mr. Young had been incarcerated. On January 24, chambers received a call from Pinckneyville indicating that Mr. Young was no longer incarcerated there because he has been paroled. (Doc. 27). Despite those warnings, the Plaintiff failed to appear. At no point has Mr. Young—who has been reminded

---

[1] Notice of the hearing was sent to Young at Pinckneyville Correctional Center and at a Chicago address that Defendant indicated was Young's last known address, as Defendant knew it. (*See* Doc. 20, 2).

1

several times of his obligation to keep the Court and the parties informed of his whereabouts—filed a change of address.

At the telephonic conference, defense counsel moved for "judgment as a matter of law"—essentially for the Court to grant the pending motion to dismiss. Alternatively, Defendant moved for dismissal under Rule 41(b) for Mr. Young's failure to prosecute his case. The Court **GRANTS** the motion for Rule 41(b) dismissal.[2]

Rule 41(b) permits the Court to dismiss a case when a plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order." **Fed. R. Civ. P. 41(b).** **See also Lucien v. Brewer, 9 F.3d 26, 28 (7th Cir. 1993).** With some exceptions not pertinent here, dismissal under Rule 41(b) operates as an adjudication on the merits. **Fed. R. Civ. P. 41(b).** In other words, a case dismissed pursuant to Rule 41(b) should be dismissed *with prejudice*. **See Lucien, 9 F.3d at 28 (dismissal is a "feeble sanction" if it is without prejudice).**

Mr. Young's failure to appear at the January 28 status conference—which he could easily have accessed via a toll-free phone number—is in direct contravention of the Court's order at Docket No. 23. Further, it is clear from the record that Plaintiff has been released from prison without, as he was directed to do, filing a change of address. More broadly, the plaintiff's lack of interest in the case (he has apparently not hired an attorney since his release from prison, and has not filed any motions or pleadings since December 2011) makes it clear that he does not intend to prosecute the case. **See Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998) (noting that**

---

[2] It does appear that Defendant's argument—that *Heck v. Humphrey*, 512 U.S. 477 (1994), and/or the statute of limitations bars the instant case—has some merit. *Heck*, of course, bars a prisoner from pursuing a § 1983 claim when a judgment would necessarily imply the invalidity of his conviction or sentence. **Heck, 512 U.S. at 487**. But because Rule 41(b) dismissal is so clearly warranted here, there is no need to make *Heck* or a statute of limitations the dispositive issue, especially given the undeveloped state of the record. Mr. Young's lack of response brief leaves the Court unable to determine whether, for example, the statute of limitations was tolled while Mr. Young was pursuing habeas relief, or whether he failed to pursue habeas relief in the first place. **See Washington v. Summerville, 127 F.3d 552, 555 (7th Cir. 1997) (statute of limitations in a case where *Heck* applies does not begin to run until plaintiff's conviction or sentence has been held invalid); Gomez v. Randle, 680 F.3d 859, 864 (7th Cir. 2012) (district court erred in dismissing a prisoner's case as untimely when there was uncertainty as to just how long the statute of limitations had tolled).**

**"[o]portunity costs of litigation rise following release").** Mr. Young was expressly warned that his case may be dismissed if he either failed to appear at the January 28 conference or failed to notify the Court of his change of address. **See Ball v. City of Chi., 2 F.3d 752, 760 (7th Cir. 1993) ("there must be an explicit warning before the case is dismissed" for failure to prosecute).** The undersigned finds that Mr. Young's failure to prosecute this case generally, and in particular his failure to notify the Court of his release or appear at the January 28 teleconference, warrant dismissal of his case with prejudice.

Defendant's oral motion for dismissal pursuant to Rule 41(b) is **GRANTED.** It is therefore **ORDERED** that this case be dismissed with prejudice. All pending motions are **MOOT,** and all case settings are **TERMINATED.** The Clerk is **DIRECTED** to enter final judgment for all Defendants, and against Plaintiff.

IT IS SO ORDERED.
DATE: January 28, 2013                     /s/ *Stephen C. Williams*
                                           **STEPHEN C. WILLIAMS**
                                           United States Magistrate Judge